STATE of Wisconsin, Plaintiff-Respondent,

v.

Stephen C. SHERMAN, Defendant-Appellant.†

Court of Appeals

*Nos. 2007AP899–CR, 2007AP2008–CR.*
*Submitted on briefs January 22, 2008.*
*—Decided March 18, 2008.*

2008 WI App 57

(Also reported in 750 N.W.2d 500.)

† Petition to review denied 6/10/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Grau* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Aaron R. O'Neil,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Stephen Sherman appeals judgments of conviction for sexually assaulting children. He also appeals orders denying his motions for postconviction relief. Sherman contends he is entitled to resentencing because the circuit court failed to consider sentencing guidelines, disregarded evidence about sentences in other sexual assault cases, and refused to give weight to an expert opinion. We reject Sherman's arguments and affirm.

## BACKGROUND

¶ 2. Sherman was employed as a middle school teacher in the Village of Wrightstown in Brown County. He resided in Outagamie County. In 2005, police became aware of sexual relationships between Sherman and two minor girls, one of whom was Sherman's student. Sherman was ultimately charged with various sexual assault charges in both Brown and Outagamie Counties.

¶ 3. Following no contest pleas, the Brown and Outagamie County cases were consolidated for sentencing. In Outagamie County case No. 2005CF781, Sherman was convicted of repeated second-degree sexual assault of the same child, contrary to WIS. STAT. § 948.025(1)(b),[1] with a sentence of fifteen years' initial confinement and fifteen years' extended supervision, and sexual assault of a student by school staff, contrary to WIS. STAT. § 948.095(2), with a sentence of five years' initial confinement and five years' extended supervision. In Brown County case No. 2005CF991, Sherman was convicted of sexual assault of a student by school staff, contrary to WIS. STAT. § 948.095(2), with a sentence of five years' initial confinement and five years' extended supervision, and two counts of second-degree sexual assault of a child, contrary to WIS. STAT. § 948.02(2), with sentences for each equaling ten years' initial confinement and ten years' extended supervision. All the sentences were imposed concurrent to each other.

¶ 4. Sherman moved for postconviction relief, seeking resentencing because the court failed to consider applicable sentencing guidelines, made unsup-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

ported findings about Sherman's mental health, and failed to consider sentences in other sexual assault cases involving teachers. The circuit court denied Sherman's motion.

## DISCUSSION

¶ 5. Circuit courts exercise discretion at sentencing. *State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. The reasons for a court's sentence must be articulated on the record. *Id.*, ¶ 38. Appellate review is limited to determining whether a sentencing court erroneously exercised its discretion. *Id.*, ¶ 17. Additionally, a defendant has a constitutional due process right to be sentenced upon accurate information. *State v. Tiepelman*, 2006 WI 66, ¶ 9, 291 Wis. 2d 179, 717 N.W.2d 1. We review whether a defendant has been denied this constitutional right de novo. *Id.*

¶ 6. Sherman contends the circuit court erred by failing to consider applicable sentencing guidelines for his two counts of second-degree sexual assault of a child under Wis. Stat. § 948.02(2).[2] In *State v. Grady*, 2007 WI 81, ¶¶ 2–3, 302 Wis. 2d 80, 734 N.W.2d 364, our supreme court held that appellate courts have jurisdiction to review whether a circuit court considered applicable guidelines and that courts must demonstrate

[2] For persons convicted of a felony after February 1, 2003, sentencing courts must consider any sentencing guidelines adopted by the sentencing commission under Wis. Stat. § 973.30 or, if the sentencing commission has not adopted guidelines for the offense, any applicable temporary guideline adopted by the criminal penalties study committee. Wis. Stat. § 973.017(2)(a).

consideration of the guidelines on the sentencing record for all sentencing hearings occurring after September 1, 2007. For sentencing hearings occurring before that date, as was Sherman's, it is sufficient that the court states in a postconviction hearing that it actually considered the guidelines at sentencing. *Id.*, ¶ 36.

¶ 7. Here, it is undisputed the court gave no indication at the sentencing or postconviction hearings that it considered the applicable sentencing guidelines. However, the State argues the court's failure to do so was harmless.

■

¶ 8. Wisconsin's harmless error rule is codified in WIS. STAT. § 805.18 and is made applicable to criminal proceedings by WIS. STAT. § 972.11(1).[3] *See State v. Harvey*, 2002 WI 93, ¶ 39, 254 Wis. 2d 442, 647 N.W.2d 189. The harmless error rule applies to errors at sentencing. *See Tiepelman*, 291 Wis. 2d 179, ¶ 26. The standard for evaluating harmless error is the same whether the error is constitutional, statutory, or otherwise. *Harvey*, 254 Wis. 2d 442, ¶ 40. An error is harmless if it does not affect the defendant's substantial rights. WIS. STAT. § 805.18. The defendant has the initial burden of proving an error occurred, after which the State must prove the error was harmless. *See Tiepelman*, 291 Wis. 2d 179, ¶ 3.

---

[3] WISCONSIN STAT. § 805.18(2) states:

No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of selection or misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

¶ 9. We conclude that the circuit court's failure to consider the sentencing guidelines for the two WIS. STAT. § 948.02(2) counts was harmless error. The sentences on all counts were concurrent, and the sentences for the two guidelines counts were less than the controlling sentence of fifteen years' initial confinement and fifteen years' extended supervision rendered for repeated sexual assault of a child. Because we uphold the controlling sentence by rejecting Sherman's other claims below, Sherman's substantial rights were not affected by the court's failure to consider the sentencing guidelines.

¶ 10. Sherman indirectly acknowledges that resentencing on only the guidelines counts would be meaningless by arguing that resentencing should be required for all counts. Sherman contends that his sentences were all interdependent parts of a comprehensive sentencing plan. We disagree.

¶ 11. Sherman relies upon cases holding that courts may reconsider sentences on other counts where one count has been reversed on appeal. *See United States v. Shue*, 825 F.2d 1111, 1113–14 (7th Cir. 1987); *United States v. Mancari*, 914 F.2d 1014, 1021–22 (7th Cir. 1990). In these cases, the justification for permitting resentencing was to allow the trial court to effectuate its original sentencing intent. *Shue*, 825 F.2d at 1113; *Mancari*, 914 F.2d at 1022. The original sentencing intent in these cases was disrupted because *consecutive* sentences were involved, the removal of which altered the overall sentencing structure. *Shue*, 825 F.2d at 1112, 1114; *Mancari*, 914 F.2d at 1015, 1021–22.

¶ 12. However, in cases involving reversed concurrent sentences, where the overall sentence structure remained intact after eliminating the reversed count,

255

resenting has been held to be unnecessary. *See State v. Sinks*, 168 Wis. 2d 245, 256, 483 N.W.2d 286 (Ct. App. 1992); *State v. Church*, 2003 WI 74, ¶¶ 19, 26, 262 Wis. 2d 678, 665 N.W.2d 141 ("Resentencing is unnecessary, and certainly not required, where, as here, the invalidation of one count on double jeopardy grounds has no affect at all on the overall sentence structure."). Here, all of the sentences were concurrent, and the overall sentence structure was controlled by the longest sentence.[4] Because the controlling sentence remains undisturbed, the overall sentence structure remains intact. Therefore, resentencing is unnecessary, and the circuit court did not err by declining to resentence Sherman. *See Church*, 262 Wis. 2d 678, ¶ 26.

¶ 13. Sherman's second claim is that the circuit court erroneously exercised its sentencing discretion by making unsupported findings about his mental health. He asserts:

> At sentencing the court informed Mr. Sherman that he was " . . . a sick man." At one point, the court indicated to the defendant that it felt that the defendant did not understand his "depravity" or his "illness" and therefore was unable to control it. The court determined, therefore, that the public, and particularly young girls, had to be protected from him for a long time. The court further found that there was a need for treatment while in a secure setting. (Citations omitted.)

¶ 14. At Sherman's postconviction hearing, the court indicated that its comments did not reflect medi-

---

[4] At the postconviction hearing, the court stated that Sherman's overall sentence structure was built around the charge it considered most serious and for which Sherman received the lengthiest sentence—repeated sexual assault of a child.

cal diagnoses, but were instead common sense observations based upon facts in the record. In support of these observations, the court referred to statements in the sentencing transcript. For example, the court quoted one of the victims:

> He would cry and make me feel bad if I did anything with my peers; therefore, I lost a lot of friendships. If I did anything to upset him, he would cut himself and say, look what you made me do. He would threaten suicide and make casual comments saying things like, what would happen if your mom died? Which threatened the only person I trusted.

The court noted, "It does not take a psychologist to look at all the facts established in this sentencing record by presentences, by other information the Court had available to it, and conclude that Mr. Sherman is a sick and maladapted man." Upon our review of the record, we discern no error in the court's comments.

¶ 15. Sherman claims the only evidence about his mental health came from his expert, Dr. Gerald Wellens. Sherman claims the court failed to consider his expert's opinion. However, at sentencing, the court expressly considered Wellens' opinion. The court noted that Wellens only examined Sherman for a short period of time and that his perceptions of Sherman were plainly outweighed by contradictory testimony of people who were more familiar with Sherman. *See State v. Thompson,* 172 Wis. 2d 257, 264–65, 493 N.W.2d 729 (Ct. App. 1992) (weight given to each sentencing factor is within the trial court's discretion). The contention that the court failed to consider Wellens' opinion is unsupported by the record.

¶ 16. Finally, Sherman claims the court erroneously exercised its discretion by failing to consider sentences given in other sexual assault cases involving

teachers. Sherman provided this information to the court in a sentencing memorandum. In support of this argument, he relies upon our supreme court's decision in *Gallion*, 270 Wis. 2d 535.

¶ 17. In *Gallion*, our supreme court suggested many facts that courts may consider during sentencing, including information about sentences in other cases. *See id.*, ¶ 47. Here, Sherman's argument fails because the court clearly considered Sherman's sentencing memorandum. The court noted that other sexual assault cases "rise and fall on their own facts, and I know none of those facts so I'm not dealing with any of those cases here today." The court also noted that it was familiar with a case not included in Sherman's memorandum, which resulted in a sentence providing twenty years' initial confinement. The court based its sentence on the facts of Sherman's case: "[Y]our sentence, Mr. Sherman, rises and falls on the facts here and your character and your behavior. No one else's."

¶ 18. Individualized sentencing "has long been a cornerstone to Wisconsin's criminal justice jurisprudence." *Id.*, ¶ 48. "No two convicted felons stand before the sentencing court on identical footing . . . and no two cases will present identical factors." *Id.*, ¶ 48 (quoting *State v. Lechner*, 217 Wis. 2d 392, 427, 576 N.W.2d 912 (1998)). Here, the court considered all the information before it, including Sherman's sentencing memorandum. We reject any implication that the court was required to give his memorandum more weight. *See Grady*, 302 Wis. 2d 80, ¶¶ 41–42.

*By the Court.*—Judgments and orders affirmed.