ANN WALSH BRADLEY, J.
¶ 53. Gdissenting). The precipitating error at trial lies not in the wording of a jury instruction. Rather, the precipitating error at trial lies in the State's decision to request a jury instruction that contains a factual theory of prosecution for which there was no supporting evidence.
¶ 54. The majority compounds that error by treating a factual theory of prosecution as an element of the offense, thus concluding that the jury instruction is erroneous. It is not.
¶ 55. Week in and week out, courts throughout this state regularly give jury instructions that contain factual theories of prosecution. To transform a factual theory of prosecution into an element of the offense calls into question the legitimacy of that regular statewide practice.
¶ 56. Even if the jury instruction is to be considered erroneous, the majority additionally compounds any error by changing the law when it untethers the sufficiency of the evidence analysis from the jury's verdict by measuring the claim against the statutory elements rather than the given instruction. Thus, it *589 affirms a criminal conviction not by reviewing the jury's verdict but on the basis of a theory not presented to the jury.
¶ 57. In addition to the flaws of altering statewide practice and changing the law, the consequences of the majority's misplaced analysis are substantial: (1) it undermines the integrity of the judicial process because it permits the jury to ignore the circuit court's instruction so long as an appellate court at some later date determines that the given instruction is erroneous and (2) it violates the constitutional right to a trial by jury which requires that a jury, rather than a subsequent appellate court, reach the requisite finding of "guilty."
¶ 58. This case is challenging. Because it is clear that there was sufficient evidence to prove the elements required by the underlying criminal statute, it is tempting to conclude that the instruction is not harmful and then proceed to measure the sufficiency of the evidence against the elements required by the statute rather than those given by the court to the jury. Such an analysis, however, undermines the integrity of the process and is not the law in Wisconsin.
¶ 59. I conclude that the integrity of the process depends on the jury following the court's instruction which establishes the law of the case. As judges, we expect and indeed command the jury to follow the instruction of the law as given to it by the court. Now the majority is saying that, in essence, "sometimes you have to follow the court's instruction on the law, and sometimes you don't." The integrity of the process also requires that as courts we act as guardians charged with protecting the basic constitutional right of trial by jury. The majority fails in both regards. Accordingly, I respectfully dissent.
*590 I
¶ 60. After correctly identifying the standard for a sufficiency of the evidence analysis, the majority opinion turns to evaluating whether the sufficiency of the evidence claim should be measured against the given instruction or the statutory elements. Majority op., ¶ 22. It acknowledges that the general rule is to compare the evidence to the instruction used at trial. Id.
¶ 61. However, it states that "where the jury instructions do not accurately reflect the statute enacted by the legislature, we cannot review the sufficiency of the evidence with the jury instructions as our standard." Id., ¶ 22. This is because relying on an "erroneous statement of the statute . .. would, in effect, allow the parties and the circuit court in that case to define an ad hoc, common law crime." Id., ¶ 23.
¶ 62. Upon reviewing the elements of Wis. Stat. § 346.04(3) and comparing them to the jury instruction, the majority determines that "the instructions [in this case] did not properly state the statutory requirements for fleeing or eluding under Wis. Stat. § 346.04(3)." Id., ¶ 34. It concludes that the instruction effectively added an element to the offense when it set forth an additional requirement of proving interference or endangerment "by increasing the speed of the vehicle to flee." Id., ¶¶ 33, 35. Consequently, the majority opines that the instruction is erroneous because it creates "an additional requirement for the offense of fleeing or eluding" that is contrary to the legislature's clear intent. Id., ¶ 36.
¶ 63. In its subsequent analysis of whether the evidence is sufficient, the majority determines that Beamon's challenge fails when it compares the evidence *591 to the elements of Wis. Stat. § 346.04(3). Id., ¶ 40. Ultimately, it concludes that the erroneous jury instruction is harmless. Id., ¶ 51.
II
A.
¶ 64. Although the majority opinion refers to the constituent parts of the crime of fleeing or eluding as "requirements," its use of the word "requirements" obfuscates what it is really doing. The word "requirement" is synonymous with what are commonly defined as "elements" of the crime. See Black's Law Dictionary 538 (7th ed. 1999) (defining "elements of crime" as "[t]he constituent parts of a crime . . . that the prosecution must prove to sustain a conviction."); majority op., ¶ 23 (describing the constituent parts of a crime as "the requirements necessary to constitute a crime").
¶ 65. The majority errs when it treats a factual theory of prosecution as an element of the offense and thus erroneously concludes that something is wrong with the jury instruction.
¶ 66. Beamon was charged with a violation of fleeing or eluding an officer contrary to Wis. Stat. § 346.40(3).[1] The instruction requested by the State provided that the second element of the offense may be *592 proven only if the jury found that Beamon acted in "willful disregard of the visual or audible signal so as to interfere with or endanger the traffic officer" and that he did so "by increasing the speed of the vehicle to flee."[2]
¶ 67. Even though it may not be required by the statute, the factual theory of prosecution requested by the State was that Beamon interfered with or endangered the traffic officer "by increasing the speed of the vehicle to flee." The State could have employed other factual theories of prosecution. As the court of appeals observed, the State could have argued that the traffic officer was interfered with or endangered by Beamon failing to "stop, yield or slow when [the officer] was pursuing him" or by Beamon "blast[ing] right through[] a four-way stop sign." State v. Beamon, 2011 WI App 131, ¶ 9 n.2, 336 Wis. 2d 438, 804 N.W.2d 706. The State, however, chose this one instead. Subsequent insufficient evidence to support this factual theory of prosecution does not render the jury instruction incorrect.
¶ 68. The following exchange from oral argument underscores that the request made by the State subsequently proved to be contrary to its interest. It chose to request a jury instruction with a factual theory of prosecution that required it to prove the manner in which Beamon interfered with or endangered the traffic officer — "by increasing the speed of his vehicle":
Justice Ziegler: Why do you think the State would want to tie its hands like that? .... I mean, you - as a prosecutor, you could prove this case five, six different ways, I think. Why would they limit it to increased speed? I don’t get that.
*593 Defense Counsel: I can't read the district attorney's mind. I don't know why. The only thing I can think of is that the district attorney anticipated. .. that there would be testimony that he further increased his speed once the warning signals were given. That didn't happen. ... It may be that the district attorney anticipated testimony that didn't come. But then what she should have done is ask to have the jury instruction changed at the end and did not.
Justice Ziegler: Right, the instructions come at the end, after all the testimony is in. A lot of times, they conform to the testimony as it comes in. I just don't get why they would want to stick with this one way to prove the case. You don't know?
Defense Counsel: I don't know.[3]
¶ 69. Week in and week out, circuit courts throughout this state give tailored jury instructions that contain factual theories of prosecution. Questions at oral argument appropriately recognized that tailoring a jury instruction to fit the theory of prosecution does not make the instruction erroneous:
Justice Ziegler: The only thing that's different, I mean if it stopped after "police or traffic officer," period, and didn't have the phrase "by increasing the speed of the vehicle to flee," that would be basically a standard instruction.
Counsel for the State: Right.
Justice Ziegler: So isn't it just that they are explaining to the jury [] "here's the State's theory of the case?" I *594 mean, a lot of times you have to pick specific language to conform to the facts of the case or to show how the State's going to prove its case. That happens in a lot of different trials. So, why does that make it wrong?[4]
¶ 70. The majority's analysis calls this common practice into question. It is now unclear to what extent circuit courts should deviate from a standardized, pattern jury instruction in each individual case lest the factual theory of prosecution be transformed into an element of the offense and the instruction thereby be deemed erroneous.[5]
B.
¶ 71. Even if the jury instruction is to be considered erroneous, the majority compounds any error by untethering the sufficiency of the evidence analysis from the jury's verdict by measuring the claim against the statutory elements rather than the given instruction. A court "cannot affirm a criminal conviction on the basis of a theory not presented to the jury." Chiarella v. United States, 445 U.S. 222, 236 (1980). Yet that is exactly what the majority appears to do by ignoring the law of the case in favor of a sufficiency of the evidence analysis that uses another theory of prosecution not presented to the jury.
*595 ¶ 72. A court's instruction to the jury establishes the law of the case, which the jury must accept in making its findings. State v. Truax, 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989) ("We presume that the jury follows the instructions given to it."). Indeed, the jury in this case was instructed to base its verdict on the law that the circuit court set forth in its instructions:
Members of the jury, the court will now instruct you upon the principles of law which you are to follow in considering the evidence and in reaching your verdict. It is your duty to follow all of these instructions, regardless of any opinion you may have about what the law is or ought to be. You must base your verdict on the law I give you in these instructions.
Apply that law to the facts in the case which have been properly proven by the evidence. Consider only the evidence received during this trial and the law as given to you by these instructions and from these alone, guided by your soundest reason and best judgment, reach your verdict.
If any member of the jury has an impression of my opinion as to whether the defendant is guilty or not guilty, disregard that impression entirely and decide the issues of fact solely as you view the evidence.

You, the jury, are the sole judges of the facts, and the Court is the judge of the law only.

The circuit court's instruction followed Wis-JI Criminal 100 (2000), a pattern jury instruction that is regularly given in criminal trials throughout the state.
¶ 73. In State v. Courtney, 74 Wis. 2d 705, 247 N.W.2d 714 (1976), the court conducted a sufficiency of the evidence analysis against a jury instruction even when the jury instruction added an element to the *596 offense. It applied the principle that juries must follow the law as they are instructed by the circuit court. Id. Likewise, as State v. Wulff, 207 Wis. 2d 143, 557 N.W.2d 813 (1997) demonstrates, a jury instruction should be the basis for a sufficiency of the evidence analysis even if the evidence is sufficient to support a conviction under another theory of prosecution not given to the jury.
¶ 74. In Wulff, which involved an allegation of second-degree sexual assault, the jury was instructed to return a verdict of "guilty" if it found that the defendant had attempted one of multiple methods by which a person can commit sexual assault. Id. at 149. The State presented three different theories of prosecution at trial, but none of them was related to the theory on which the jury was instructed. Id. As a result, the State did not meet its burden to produce sufficient evidence at trial. Id. The jury convicted Wulff despite the State's failure to meet its burden. Id.
¶ 75. In analyzing the sufficiency of the evidence, this court acknowledged that had the jury been instructed on the State's alternative theories, there was sufficient evidence to sustain the conviction. Id. at 152. However, despite the fact that a broader sufficiency of the evidence analysis would require it to affirm the conviction, the Wulff court explained that it could "uphold Wulff s conviction only if there was sufficient evidence to support guilt on the charge submitted to the jury in the instructions."[6] Id. at 153.
*597 ¶ 76. As recently as last year, this court explained that even where a jury instruction is "misleading," the sufficiency of the evidence must be considered in the context of the instruction given to the jury where the instruction received no objection at trial. Best Price Plumbing, Inc. v. Erie Ins. Exchange, 2012 WI 44, ¶ 40, 340 Wis. 2d 307, 814 N.W.2d 419 (citing Kovalic v. DEC International, Inc., 161 Wis. 2d 863, 873 n.7, 469 N.W.2d 224 (Ct. App. 1991)); see also D.L. Anderson's Lakeside Leisure Co., Inc. v. Anderson, 2008 WI 126, ¶ 22, 314 Wis. 2d 560, 757 N.W.2d 803 (when the accuracy of a jury instruction is not properly contested on appeal, a challenge to the sufficiency of the evidence is evaluated "in light of the jury instruction[].").
¶ 77. Without any citation to authority the majority suggests that the law of the case doctrine does not apply in criminal cases in Wisconsin. Majority op., ¶ 46 n.6. As explained above, both Courtney and Wulff are criminal cases that rely on law of the case principles. Additionally, this court has acknowledged in criminal proceedings that a previous court of appeals decision or a previous decision of this court may establish the law of the case. State v. Moeck, 2005 WI 57, 280 Wis. 2d 277, 695 N.W.2d 783; State v. Stuart, 2003 WI 73, 262 Wis. 2d 620, 664 N.W.2d 82. Likewise, the United States Supreme Court has recognized that in criminal cases, the law of the case may be established by instructing the jury. U.S. v. Wells, 519 U.S. 482, 487 (1997) (acknowledging that the law of the case may be established by jury instructions); see also United States v. Killip, 819 *598 F.2d 1542, 1548-49 (10th Cir. 1987); United States v. Tapio, 634 F.2d 1092, 1094-95 (8th Cir. 1980); United States v. Spletzer, 535 F.2d 950, 954 (5th Cir. 1976).[7]
¶ 78. All of the above cases indicate that jury instructions become the law of the case in Wisconsin.[8] This court should not change the law and should not affirm a conviction based upon a theory of prosecution that was never heard by the jury. Erroneous or not, the jury instruction is the law of the case and must be the basis for evaluating the sufficiency of the evidence.
C.
¶ 79. The consequences of the majority's misplaced analysis are substantial. To begin, it undermines *599 the integrity of the judicial process because it permits the jury to ignore the circuit court's instruction so long as an appellate court at some later date determines the given instruction is erroneous.
¶ 80. The circuit court clearly and forcefully advised the jury that "you must base your verdict on the law that I give to you in these instructions" and that in reaching a verdict the jury shall consider only the evidence and "the law as given to you by these instructions." Nevertheless, the majority in essence concludes that sometimes a jury has to follow the instructions and sometimes it doesn't — and here, it need not follow the circuit court's instruction.
¶ 81. The premise that it is the court's responsibility to instruct the jury on the law, and that the jury must apply the law as instructed, is a firmly-established principle of American jurisprudence, and we should continue to follow that principle. As early as 1895, Justice Harlan, writing for the United States Supreme Court, warned against the perils of allowing a jury to ignore the court's instruction of the law:
Public and private safety alike would be in peril if the principle be established that juries in criminal cases may, of right, disregard the law as expounded to them by the court, and become a law unto themselves.
We must hold firmly to the doctrine that in the courts of the United States it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence. Upon the court rests the responsibility of declaring the law; upon the jury, the responsibility of applying the law so declared to the facts as they, upon their conscience, believe them to be.
Sparf v. United States, 156 U.S. 51, 101-03 (1895).
*600 ¶ 82. In this case, some of Justice Harlan's admonitions are on full display. All acknowledge that there is no evidence whatsoever of an increase in speed after the siren and lights were activated. The only question at trial which addressed the issue resulted in a resounding negative:
Defense Counsel: And you stated that the car was already speeding. So in your opinion, did the car speed up any quicker once you got behind the car?
Officer Miller: No, it was - it's -1 don't believe it sped up any more once I got behind the vehicle. No, sir.
Although there was a complete absence of any testimony or other evidence indicating that Beamon increased the speed of his vehicle, the jury still returned a verdict of "guilty."[9] It did so despite the circuit court's instruction that in order to find Beamon "guilty," it must find that Beamon increased the speed of his vehicle after the lights and sirens were activated.
¶ 83. Under the majority's analytical framework, the jury is free to disregard the circuit court's instruction. How can such sanctioned disregard be harmless to the integrity of the judicial process?
¶ 84. Likewise, how can it be harmless when there is a violation of Beamon's right to have a jury determine whether he is guilty? The majority's analysis has the additional consequence of violating the constitutional right to a trial by jury which requires that a jury, rather than a subsequent appellate court, reach the requisite finding of "guilty." The Sixth Amendment right of trial by jury includes "as its most important *601 element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.'" State v. Harvey, 2002 WI 93, ¶ 20, 254 Wis. 2d 442, 647 N.W.2d 189 (quoting Sullivan v. Louisiana, 508 U.S. 275, 277 (1993)).
¶ 85. It is the jury that ultimately found Beamon "guilty," supposedly on the evidence presented. Accordingly, an appellate court should affirm his conviction in a sufficiency of the evidence analysis only if the evidence at trial was sufficient to convict on the theory of prosecution as set forth in the jury instruction that was requested by the State. Wulff, 207 Wis. 2d at 152.
¶ 86. Affirming the conviction on a theory of prosecution not presented to the jury requires the majority to speculate what the jury might have done if given another hypothetical instruction. In essence it allows the appellate court to make the finding of "guilty" on behalf of the jury.
¶ 87. The jury found Beamon "guilty" based on the instruction of the circuit court, not on any other theory of prosecution. This court may not affirm a verdict that the jury did not render. To do so violates Beamon's right to a finding of "guilty" by the jury itself.
¶ 88. The substantial consequences of the majority's misplaced analysis are all the more glaring because of the extraordinary steps it takes in order to review the accuracy of the jury instruction in the first place. Here, the State requested the instruction it now argues is erroneous. The purported error received no objection before the circuit court. Furthermore, Beamon never asserted any error in the instruction and in fact relies on it. On appeal, he asserted only an insufficiency of the evidence. Curiously, it is the State that raised the issue before the court of appeals, abandoning the same instruction that it previously embraced when *602 it specifically requested that the circuit court tailor the instruction to fit the State's factual theory of prosecution.
¶ 89. The legislature has mandated that a "[failure to object at the [jury instruction] conference constitutes a waiver of any error in the proposed instructions or verdict." Wis. Stat. § 805.13(3). However, rather than follow that statutory directive, the majority takes the extraordinary step of exercising this court's power of discretionary review. State v. Schumacher, 144 Wis. 2d 388, 407, 424 N.W.2d 672 (1988). The power of this court to review issues that are waived is not to be used "indiscriminately," but instead "it is a power to be used sparingly, and only in exceptional circumstances." Id. (emphasis added).
¶ 90. It is the majority's decision to review the jury instruction in this case that is exceptional, not the circumstances of the case itself. Beamon was charged with eight counts arising from the automobile chase and its aftermath. He was convicted on all eight counts and challenges only one on appeal. Of the eight counts, the fleeing or eluding charge ranks among the least egregious examples of Beamon's criminal conduct.[10]
¶ 91. By choosing to review the jury instruction, the majority lowers the bar, effectively defining an "exceptional circumstance" to include a mine-run crimi *603 nal conviction. It indiscriminately utilizes this court's discretion in order to affirm what is arguably the least egregious of eight convictions. This court should not go to such extraordinary lengths to avoid a sufficiency of the evidence analysis measured against a jury instruction that is, in the end, a correct statement of the law.
Ill
¶ 92. The issue that Beamon raised on appeal, whether the evidence is sufficient to convict him, is easily addressed. Here, the jury was instructed that in order to return a verdict of "guilty" for fleeing or eluding an officer, it must find that Beamon "knowingly fled a marked squad car by willful disregard of the visual or audible signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee." There is no evidence suggesting that Beamon increased the speed of his vehicle.
¶ 93. The evidence here, viewed most favorably to sustaining the conviction, is so insufficient that as a matter of law no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). Because the evidence is insufficient, I conclude that Beamon's conviction on this offense must be reversed. Accordingly, I respectfully dissent.
¶ 94. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this dissent.

 Wisconsin Stat. § 346.04(3) states the following:
(3) No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall the operator increase the speed of the operator's vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.

 The second element of the offense of fleeing or eluding an officer is that the defendant must "knowingly flee or attempt to elude any traffic officer." Wis. Stat. § 346.04(3).

 A video recording of oral argument is available at http://www.wiseye.org/ProgrammingWideoArchive/EventDetail. aspx?evhdid=6868 (last visited May 3, 2013). The quoted exchange occurs at 1:08:40.

 A video recording of oral argument is available at http://www.wiseye.org/Programming/VideoArchive/EventDetail. aspx?evhdid=6868 (last visited May 3, 2013). The quoted exchange occurs at 1:12:20.

 Circuit courts have been cautioned against relying solely on a pattern jury instruction instead of fashioning a specific jury instruction: "Standard jury instructions are to assist the court but should not be used as a substitute for the court developing appropriate instructions relating to the specific facts of each case.” Anderson v. Alfa-Laval Agri, Inc., 209 Wis. 2d 337, 345-46, 564 N.W.2d 788 (Ct. App. 1997).

 The United States Supreme Court recently analyzed a similar situation in the context of a double jeopardy issue in Evans v. Michigan, 568 U.S. __ (2013). In that case, the trial court, using an erroneous interpretation of the law, determined that the evidence was insufficient to sustain a conviction. Id. at 6. The trial court's ruling was predicated on a "clear misunder *597 standing" of the law because it required an element of an offense that "was not actually a required element at all." Id. at 1, 6. Despite the error that added an element to the offense, the United States Supreme Court determined that the trial court's ruling constituted an acquittal that precluded retrial. Id.

 Wisconsin Stat. §805.18, a civil procedure statute, sets forth a harmless error standard. It is made applicable to criminal cases by Wis. Stat. § 972.11(1). In State v. Harvey, 2002 WI 93, ¶ 39, 254 Wis. 2d 442, 647 N.W.2d 189, a criminal case, this court recognized that Wisconsin's harmless error standard flows from Wis. Stat. § 805.18. See also State v. Sherman, 2008 WI App 57, ¶ 8, 310 Wis. 2d 248, 750 N.W.2d 500.

 Multiple state and federal courts have additionally concluded that the law of the case may be established even where a jury instruction is erroneous. See, e.g., United States v. Zanghi, 189 F.3d 71 (1st Cir. 1999); United States v. Johnson, 652 F.3d 918, 922 n.2 (8th Cir. 2011); United States v. Williams, 376 F.3d 1048, 1051 (10th Cir. 2004) ("[T]he government [has] the burden of proving each element of a crime as set out in a jury instruction to which it failed to object, even if the unchallenged jury instruction goes beyond the criminal statute"s requirements."); State v. Azure, 186 P.3d 1269, 1275 (Mont. 2008) (a failure to object to a proposed jury instruction becomes the law of the case once delivered, whether or not it includes an unnecessary element); State v. Willis, 103 P.3d 1213, 1217 (Wash. 2005); State v. Rogers, 730 N.W.2d 859, 863 (N.D. 2007) (an unchallenged jury instruction becomes the law of the case); see also Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

 The State has conceded on appeal that the evidence at trial did not satisfy the jury instruction. State v. Beamon, 2011 WI App 131, ¶ 6, 336 Wis. 2d 438, 804 N.W.2d 706.

 Beamon was charged with the following: fleeing or eluding an officer contrary to Wis. Stat. § 346.04(3), possession of a short-barreled shotgun contrary to Wis. Stat. § 941.28(2), resisting an officer contrary to Wis. Stat. § 946.41(1), attempting to disarm a peace officer contrary to Wis. Stat. § 941.21, obstructing an officer contrary to Wis. Stat. § 946.41(1), unauthorized use of an entity's identifying information contrary to Wis. Stat. § 943.203, possession of a firearm by a felon contrary to Wis. Stat. § 941.29(2), and criminal damage to property contrary to Wis. Stat. § 943.01(1).