COURT OF APPEALS
DECISION
DATED AND FILED

February 10, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP26-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF145

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

KEVIN A. LEE,

   DEFENDANT-APPELLANT.

          APPEAL from a judgment and an order of the circuit court for Dane County: WILLIAM HANRAHAN and MARIO WHITE, Judge. *Affirmed*.

          Before Blanchard, P.J., Fitzpatrick, and Kloppenburg, JJ.

          **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Kevin Lee appeals a judgment of conviction and an order denying his postconviction motion.[1]  We affirm.

¶2     At a jury trial, Lee was convicted of one count of first-degree sexual assault of a child and one count of child enticement.  He filed a postconviction motion that the circuit court denied without an evidentiary hearing.

¶3     On appeal, Lee argues that the circuit court erred by overruling objections he made to two different portions of the prosecutor's closing arguments.  Lee argues in the alternative that, if we should conclude that these objections were not sufficiently preserved, his trial counsel was ineffective in failing to raise sufficient objections.

¶4     The State does not argue that Lee's objections at trial were inadequate to preserve the issues, and we accept that implicit concession. Accordingly, we need not address Lee's alternative ineffective of assistance argument.  Therefore, we exclusively address the substance of the argument that the circuit court should have sustained the two objections to the prosecution's closing arguments at trial.  We conclude that, even if Lee is correct that the circuit court erred in these rulings, the State has shown that the errors were harmless.  We first describe the two objections.

¶5     The State's case was based on the testimony of the victim, who was ten years old at the time of trial.  The State also introduced a transcript of a forensic interview with the child.  In the interview, the child stated that she had

---

[1] The Honorable William Hanrahan presided over the jury trial and entered judgment. The Honorable Mario White denied the postconviction motion.

placed a bloody paper towel behind her bed when she did not have a menstrual pad. The child's mother testified that she found the paper towel and asked the child whether someone had been touching her, and the child said Lee had. As we set out further below, the State later appeared to use the paper towel testimony in argument to claim that the victim was embarrassed by the blood, and also that the victim incorrectly believed the blood was related to Lee's assaults, and that she hid the paper towels because she thought her mother would be hurt by knowing that Lee was assaulting her.

¶6    The first objection occurred when the prosecutor argued that the jury should believe testimony that the victim placed a bloody paper towel between her bed and the wall. The prosecutor asserted that the blood was menstrual blood, and argued:

> For the ladies on the jury, you can use your common sense and your life experiences. And for those of you that might have daughters or you know a young child, when they first get their period, that's something that's very private. They don't want to share that. It's scary. They don't know what's going on. So does it make sense that she would take a bloody paper towel and squish it between her bed and her wall? Would you do that? Would anybody do that? I don't know.

¶7    Lee objected on "golden rule" grounds. The parties agree that it is improper for a party to ask the jury to place itself in the victim's shoes, because it appeals to the jurors' sympathy for victims. *See State v. DeLain*, 2004 WI App 79, ¶23, 272 Wis. 2d 356, 679 N.W.2d 562.

¶8    At least on its face, the prosecutor's argument here was not an attempt to elicit sympathy for the victim but, instead, asked the jury to judge the credibility of testimony based on its own "common sense" and "life experiences." The prosecutor further asked whether the jurors themselves would have done the

3

act that the witness testified about, when the prosecutor said: "So does it make sense that she would take a bloody paper towel and squish it between her bed and her wall? Would you do that? Would anybody do that? I don't know." We assume, without deciding, that incidental prejudice arose from this brief statement in the form of sympathy for the victim.

¶9    Lee's second objection occurred during the prosecutor's rebuttal argument. The prosecutor argued: "Counsel says that … the state has set out basically to frame poor mister defendant here. That's offensive. I have an ethical obligation to not bring a case if I do not believe that I can prove a case beyond a reasonable doubt." Lee then objected (without stating a ground), and the circuit court overruled the objection.

¶10    On appeal, Lee describes the prosecutor as having argued that the jury should convict because she was doing her ethical duty, and was thus personally vouching for his guilt. The argument was presented as a response to a defense argument that the prosecution had framed the defendant, with the prosecutor responding that it would be unethical for a prosecutor to do that. However, we assume, without deciding, that it was error for the prosecutor to mention her ethical obligation or imply her own personal opinion.

¶11    Nevertheless, we are satisfied that these two claimed errors, in the context of the entire trial including the jury instructions, were harmless. In criminal cases, if the defendant shows that an error occurred, the State has the burden of proving that the error was harmless. *State v. Sherman*, 2008 WI App 57, ¶8, 310 Wis. 2d 248, 750 N.W.2d 500. Whether an error is harmless is a question of law that we review independently. *State v. Beamon*, 2013 WI 47, ¶19, 347 Wis. 2d 559, 830 N.W.2d 681. "[T]he standard for evaluating an error's

harmlessness is the same whether the error is constitutional, statutory, or otherwise." ***State v. Harvey***, 2002 WI 93, ¶40, 254 Wis. 2d 442, 647 N.W.2d 189.

¶12    An error is harmless if the State proves beyond a reasonable doubt that the error complained of did not contribute to the verdict. ***State v. Martin***, 2012 WI 96, ¶45, 343 Wis. 2d 278, 816 N.W.2d 270.  In other words, this court "must be satisfied, beyond a reasonable doubt, not that the jury *could* have convicted the defendant (i.e., sufficient evidence existed to convict the defendant), but rather that the jury *would* have arrived at the same verdict had the error not occurred." ***Id.***, ¶45 (emphasis in original; citations omitted).

¶13    Several non-exhaustive factors assist in our analysis of whether an error is harmless:  (1) "the frequency of the error"; (2) "the importance of the erroneously admitted evidence"; (3) "the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence"; (4) "whether the erroneously admitted evidence duplicates untainted evidence"; (5) "the nature of the defense"; (6) "the nature of the State's case"; and (7) "the overall strength of the State's case." ***Id.***, ¶46.  The above factors were formulated for determining whether the erroneous admission of evidence was harmless, while here we have improper argument, but we analyze the factors that are applicable here, adapting them as necessary.

¶14    The frequency of the errors was low, taking up just a few sentences of a complete trial.  In that context, the importance of the brief moment that we have assumed produced some degree of jury sympathy is fairly low, as is the brief mention of the prosecutor's ethical obligations or personal opinion.  The nature of the defense was that the child falsely told her mother that Lee was assaulting her

because it diverted her mother's attention away from the child possibly being in trouble for putting the paper towels behind the bed.

¶15 As discussed, the nature of the State's case was based on testimony by the victim and her mother, together with DNA evidence that was consistent with, but did not conclusively show, Lee's DNA being present in the child's underpants. Based on that evidence, the State's case was moderately strong.

¶16 Weighing these factors together, we conclude that the claimed errors were harmless beyond a reasonable doubt. They consisted of brief moments in a complete trial in which the jury had an opportunity to judge the credibility of the child witness for itself. The jury was presented with a moderately strong case by the State, and the offered defense was not particularly compelling or well supported by the evidence. We are satisfied that, whatever sympathy for the victim may have occurred, or prejudice from the prosecutor's opinions, the jury would have reached the same result in their absence.[2]

¶17 The State makes one perplexing argument. It argues that Lee "improperly invites this Court to review the substance of the trial court's rulings on [trial counsel's] objections …, rather than the postconviction court's decision that Lee was not entitled to a hearing on Lee's ineffective assistance claims." The State does not cite any law or otherwise attempt to explain why it would be

---

[2] We also agree with the State's argument in this appeal that, even assuming that the arguments were improper, Lee was not prejudiced because the court properly instructed the jury that the verdict should be based on the evidence and the jury instructions and not on the attorneys' arguments. Juries are presumed to follow instructions, *see State v. Delgado*, 2002 WI App 38, ¶¶16-18, 250 Wis. 2d 689, 641 N.W.2d 490, and taken in the context of the entire trial, the instructions rendered harmless any prejudice arising from the assumed improper statements in the prosecutor's closing argument.

improper for us to review the substance of rulings on objections made during trial. If the closing argument issues were preserved by objection at the time, they may properly be raised on appeal without first being raised again by postconviction motion. *See* WIS. STAT. § 974.02(2) (2019-20);[3] ***State v. Monje***, 109 Wis. 2d 138, 153-53a, 327 N.W.2d 641 (1982) (on reconsideration). The alternative form of argument that Lee uses here is an ordinary one and proper to raise in this court.

¶18 At the same time, however, one of Lee's arguments is also perplexing. Lee asserts that the postconviction court erred by not reviewing the correctness of the rulings that the court made on his objections during the trial. Lee cites no law for this proposition. A circuit court may well be *permitted* to review this type of ruling on a postconviction basis, but we are not aware of any law that *requires* the court to do that. As we stated, no postconviction motion was necessary to preserve an issue already decided by the court, and therefore we have difficulty seeing error in a circuit court's decision not to resolve a postconviction argument that the court was not required to resolve.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.