COURT OF APPEALS
DECISION
DATED AND FILED

April 11, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP576-CR**

Cir. Ct. No. 2018CF5696

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES YOUNG,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MICHELLE ACKERMAN HAVAS and DAVID A. FEISS, Judges. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1     PER CURIAM. James Young appeals from a judgment of conviction entered following a jury trial, and an order denying his motion for postconviction relief. On the day of Young's sentencing, the parties realized that the mandatory minimum sentences on two of the counts were required to be served consecutively. On appeal, Young argues that this entitles him to a new trial. For the reasons discussed below, we conclude that the error was harmless, and that Young has failed to establish that trial counsel's performance was prejudicial.

## BACKGROUND

¶2     On November 28, 2018, in the City of Milwaukee, police stopped a black Acura RDX because its license plate was registered to a different vehicle. Young, who was sitting in the front passenger seat, opened the car door and fled. As one of the officers pursued Young, the officer heard two gunshots. Police eventually caught Young after he attempted to climb a fence and lost his footing.

¶3     Along Young's flight path, police recovered two spent 9mm casings, and a police canine found a 9mm handgun in a garden.[1] Ballistic testing revealed that there was a strong possibility that the casings were ejected from the recovered firearm. Further, when interviewing nearby residents, a detective discovered a bullet strike above the front entrance of one house. The resident reported that she had heard two gunshots, and that she had not noticed the bullet strike prior to the incident.

---

[1] Later, police discovered that the handgun belonged to a woman who had previously been in a romantic relationship with Young. She indicated that the handgun was in her glove compartment and her car was subsequently stolen.

¶4 The State charged Young with three counts: (1) second-degree recklessly endangering safety with the enhancers for habitual criminality, using a dangerous weapon, repeat firearm crimes, and the use of a firearm, pursuant to WIS. STAT. §§ 941.30(2) (2021-22),[2] 939.62(1)(c), 939.63(1)(b), 939.6195(2), and 973.123(2) and (3)(a); (2) felon in possession of a firearm with the enhancers for habitual criminality and repeat firearm crimes, pursuant to WIS. STAT. §§ 941.29(1m)(a) and (4m), 939.6195(2), and 939.62(1)(b); and (3) obstructing an officer with the enhancer for habitual criminality, pursuant to WIS. STAT. §§ 946.41(1) and 939.62(1)(a).

¶5 Relevant to this appeal, the complaint specifically indicated that Young was subject to a five-year mandatory minimum sentence on the second-degree recklessly endangering safety count due to the penalty enhancer in WIS. STAT. § 973.123(2) and (3)(a), and a four-year mandatory minimum sentence on the felon in possession count due to the penalty enhancer in WIS. STAT. § 939.6195(2). The complaint, however, failed to note that the two mandatory minimum sentences were required to be served consecutive to each other—effectively resulting in a nine-year mandatory minimum. *See* § 973.123(4).

¶6 At the initial appearance, Young was informed of the maximum penalties. Young, however, was not informed that the two mandatory minimums at issue were required to be served consecutively.

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted. We note that Young was convicted of crimes committed on November 18, 2018; however, since the relevant statutory language has not changed, we will refer to and cite from the current version of the statutes.

¶7    Subsequently, prior to trial, the State made an offer to resolve the case through plea negotiations. In exchange for Young's plea to the felon in possession count and the obstructing an officer count as charged, the State would amend the second-degree recklessly endangering safety count to endangering safety by use of a weapon as a repeater, a misdemeanor. The State would recommend a prison sentence, leaving the length up to the court, but noting that the felon in possession count carried a mandatory minimum of four years of initial confinement. The plea offer indicated that if Young did not accept the deal and was convicted of the second-degree recklessly endangering safety count and the felon in possession count, he would "be subject to a minimum of 8 years of initial confinement pursuant to WIS. STAT. § 973.123(4)."[3]

¶8    Young opted to go to trial. The jury found Young guilty of all three counts as charged.[4]

¶9    On February 20, 2020, the day of the scheduled sentencing hearing, the parties realized that the mandatory minimums on the second-degree recklessly endangering safety count and the felon in possession count were required to be served consecutively. The parties requested an adjournment to explore a stipulated resolution of the issue.

¶10    Subsequently, on March 12, 2020, the parties requested that the trial court vacate the jury's finding on one of the counts with the mandatory minimum.[5]

---

[3] As stated above, Young was subject to a total nine-year mandatory minimum, not eight years as indicated in the plea offer.

[4] The Honorable Michelle Ackerman Havas presided over the jury trial and the sentencing hearing. The Honorable David A. Feiss presided over the postconviction proceedings. We refer to Judge Havas as the trial court and Judge Feiss as the circuit court.

4

The trial court, however, rejected the request, stating that it "couldn't undermine the jury's verdict in that way[.]" The trial court stated that the issue would need to be addressed on appeal.

¶11 After listening to remarks from the State, the defense, and Young, the trial court sentenced Young to a total of nine years of initial confinement and five years of extended supervision.

¶12 In November 2020, Young filed a postconviction motion, arguing that he was entitled to a new trial on three grounds. First, Young argued that the failure to advise him that the mandatory minimum sentences had to be served consecutively violated his rights under WIS. STAT. § 970.02(1), which states in pertinent part that:

> (1) At the initial appearance the judge shall inform the defendant:
>
> (a) Of the charge against the defendant and shall furnish the defendant with a copy of **the complaint which shall contain the possible penalties for the offenses** set forth therein. In the case of a felony, **the judge shall also inform the defendant of the penalties for the felony** with which the defendant is charged.

(Emphasis added.) Second, Young argued that the failure to advise him that the mandatory minimum sentences had to be imposed consecutively violated his right to due process. *See* U.S. CONST. amend. XIV; WIS. CONST. art. I, § 8. Third, Young argued that trial counsel was ineffective.

¶13 After Young filed his postconviction motion, the parties engaged in further negotiations to resolve the case. At the onset of the negotiations,

---

[5] The record does not reflect which count would have been vacated.

postconviction counsel indicated that Young would "be open to pleading to something that would allow for a time-served argument." Eventually, the State and postconviction counsel reached a potential agreement, and postconviction counsel drafted a stipulation. The stipulation provided that the felon in possession conviction would be vacated, and Young would be resentenced on the other two counts—second-degree recklessly endangering safety and obstructing an officer.

¶14    Subsequently, counsel realized that he overlooked the fact that a four-year mandatory minimum would still apply to the second-degree recklessly endangering safety count, thus, Young would not be placed in a position where he could argue for "a time-served/probationary disposition."[6]  The negotiations then fell apart.

¶15    After the negotiations fell apart, the State filed a response to the postconviction motion. The State conceded that the failure to inform Young of the nine-year mandatory minimum was a violation of WIS. STAT. § 970.02(1), and that Young's attorney's failure to inform him of the nine-year mandatory minimum constituted deficient performance. The State, however, argued that Young had failed to establish prejudice because there was not a reasonable probability that Young would have accepted the State's pretrial plea offer. The State did not address Young's due process claim.

---

[6] At the time of the postconviction negotiations, which began in November 2020, the five-year mandatory minimum would no longer be applicable if Young was resentenced. *See* WIS. STAT. § 973.123(5) (stating that the five-year mandatory minimum does not apply to sentences imposed after July 1, 2020). As a result, had Young accepted the stipulation, only a four-year mandatory minimum sentence would have applied to the second-degree recklessly endangering safety count. *See* WIS. STAT. § 939.6195(2).

¶16    In reply, Young contended that he was prejudiced. Young argued in pertinent part that "[w]ithout knowing the full extent of penalties to which he was subject, he was unable to knowingly, intelligently, and voluntarily enter a plea, actively negotiate a plea agreement, or fully appreciate the costs and benefits of proceeding to trial."

¶17    Along with his reply brief, Young filed affidavits from himself and trial counsel. According to trial counsel's affidavit, the State's pretrial offer was not a "good offer" because it included a four-year mandatory minimum. Trial counsel "did not think that there was much, if any, benefit to plea bargaining with the State over going to trial." Trial counsel "believed … that, if Mr. Young was convicted on both counts … he would be sentenced at or close to the mandatory minimums on each count and that they would run concurrent with one another."

¶18    Young's affidavit alleged that the "initial [plea] offer was so weak that we did not believe that negotiations were worthwhile" and "[a]fter talking it over with Attorney Rakestraw, I decided that negotiations were not going to go anywhere and that I would rather just go to trial." Young's affidavit also stated that: "[h]ad I known that there was going to be a nine-year mandatory minimum, I would have negotiated a plea deal. If I could do it all over again, I would have taken the State's offer more seriously and would have entered into negotiations."

¶19    The circuit court denied the motion without a hearing. The court rejected Young's ineffective assistance of counsel claim, stating that Young had failed to show that he would have ultimately accepted the State's plea offer if he had been correctly advised by his attorney. The court did not address the statutory claim or the due process claim.

¶20    This appeal follows. Additional relevant facts are referenced below.

**DISCUSSION**

¶21    On appeal, Young renews his argument that he is entitled to a new trial because the trial court's failure to inform him of the nine-year mandatory minimum violated WIS. STAT. § 970.02(1)(a) and his due process rights. Young also renews his argument that he was deprived of effective assistance of counsel.

¶22    In response, the State contends that the failure to inform Young of the nine-year mandatory minimum was harmless. Additionally, the State contends that Young did not adequately allege that he was prejudiced by trial counsel's failure to inform him of the nine-year mandatory minimum. We agree with the State.

¶23    To start, in this case it is undisputed that Young was not informed that he faced a nine-year mandatory minimum sentence prior to going to trial. Even if we assume, however, that there was a violation of WIS. STAT. § 970.02(1)(a) or a due process violation, we conclude that any error was harmless.[7]

¶24    "The standard for evaluating harmless error is the same whether the error is constitutional, statutory, or otherwise." *State v. Sherman*, 2008 WI App 57, ¶8, 310 Wis. 2d 248, 750 N.W.2d 500. Accordingly, the standard for harmless

---

[7] We note that Young contends that the State forfeited its harmless error argument by failing to make this argument in the circuit court. We, however, are not "bound by the parties' interpretation of the law or obligated to accept a party's concession of law." *See State v. Carter*, 2010 WI 77, ¶50, 327 Wis. 2d 1, 785 N.W.2d 516. Moreover, this court "will search the record for reasons to sustain the circuit court's discretionary decision," *see State v. Thiel*, 2004 WI App 225, ¶26, 277 Wis. 2d 698, 691 N.W.2d 388, and "we may affirm on different grounds than those relied on by the [circuit] court," *see State v. Earl*, 2009 WI App 99, ¶18 n. 8, 320 Wis. 2d 639, 770 N.W.2d 755.

error that applies to Young's alleged statutory violation is the same as his due process claim.

¶25 An error is harmless when there is not "a reasonable probability that the error contributed to the outcome of the action or the proceeding at issue." *State v. Thompson*, 2012 WI 90, ¶11, 342 Wis. 2d 674, 818 N.W.2d 904. It is the State's burden to establish harmless error. *See State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). Whether an error is harmless "presents a question of law we review *de novo*." *State v. Ziebart*, 2003 WI App 258, ¶26, 268 Wis. 2d 468, 673 N.W.2d 369.

¶26 Here, the record reflects that any error was harmless. There is not a reasonable probability that the error contributed to the outcome. *See Thompson*, 342 Wis. 2d 674, ¶11. The record reflects that Young would not have accepted the State's pretrial offer and entered a plea.

¶27 The pretrial offer in this case was that the State would amend the second-degree recklessly endangering safety count to a misdemeanor. This would have resulted in Young being subject only to a potential four-year mandatory minimum, not a nine-year mandatory minimum. *See* WIS. STAT. § 973.123 (applying only to felonies).

¶28 Postconviction, after Young was aware that he was subject to a nine-year mandatory minimum, the parties attempted to resolve the case. In particular, the State agreed to vacate the felon in possession conviction, which would have resulted in Young facing only a four-year mandatory minimum on the recklessly endangering safety count at a resentencing hearing. Young, however, rejected this offer because he would not be placed in a position where he could argue for "a time-served/probationary disposition." This reflects that Young would not have

accepted the State's original pretrial plea offer which also carried a four-year mandatory minimum.

¶29 Young suggests that the error was not harmless because he was misinformed about the mandatory minimum, and as a result, was prevented from making a reasoned decision to proceed to trial or enter a plea. In a supplemental letter to this court, Young points to several plea withdrawal cases, which indicate that if a defendant enters a plea based on misinformation, he or she is entitled to plea withdrawal if the misinformation affects his or her ability to "reasonably evaluate the benefit of the plea offer presented by the State." *See State v. Hughes*, No. 2021AP1834, unpublished slip op., ¶¶39, 41 (WI App Nov. 1, 2022);[8] *State v. Dillard*, 2014 WI 123, ¶¶69-70, 358 Wis. 2d 543, 859 N.W.2d 44; *State v. Douglas*, 2018 WI App 12, ¶18, 380 Wis. 2d 159, 908 N.W.2d 466. These cases are inapposite. As Young acknowledges, the cases addressed challenges to the entry of a plea based on misinformation, not cases involving the rejection of a plea offer.

¶30 Thus, we reject Young's argument, and we conclude that the error is harmless because there is not "a reasonable probability that the error contributed to the outcome of the action or the proceeding at issue." *Thompson*, 342 Wis. 2d 674, ¶11. The record reflects that even if Young had known of the nine-year mandatory minimum prior to trial, he would not have accepted the State's pretrial plea offer.

---

[8] *See* WIS. STAT. § 809.23(3)(b) ("An unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel ... may be cited for its persuasive value.").

¶31 Finally, we conclude that Young has failed to sufficiently establish that he was deprived of effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, the defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If the defendant fails to adequately show one prong of the test, we need not address the second. *Id.* at 697.

¶32 When deciding whether a defendant is entitled to an evidentiary hearing on an ineffective assistance of counsel claim, we review *de novo* "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432. If a defendant's motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court, in its discretion, may deny relief without a hearing. *State v. Allen*, 2004 WI 106, ¶¶9, 34, 274 Wis. 2d 568, 682 N.W.2d 433. We review a circuit court's decision with discretion. *Id.*[9]

---

[9] We note that Young contends that a *Machner* evidentiary hearing is not necessary in this case. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). Our supreme court, however, has stated that "[a] *Machner* hearing is a prerequisite for consideration of an ineffective assistance claim." *State v. Sholar*, 2018 WI 53, ¶50, 381 Wis. 2d 560, 912 N.W.2d 89. While "[t]here are rare circumstances when prejudice may be presumed, such as when counsel was actually or constructively denied altogether, or when a more limited presumption of prejudice is warranted, such as when counsel was burdened by an actual conflict of interest," none of these circumstances apply in this matter. *Id.*, ¶53 n.9.

¶33    In this case, even if we assume that trial counsel was deficient, Young has failed to sufficiently establish prejudice.  *See Strickland*, 466 U.S. at 687.  The United States Supreme Court has held that where the alleged prejudice is "[h]aving to stand trial," the defendant "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)[.]"  *Lafler v. Cooper,* 566 U.S. 156, 163-64 (2012).  Additionally, a defendant must prove that the court would have accepted the plea offer's terms and that the defendant's conviction, sentence, or both, "would have been less severe." *Id.*

¶34    Here, Young has not sufficiently alleged that he would have accepted the State's pretrial plea offer.  Young's postconviction affidavit simply alleged that "[h]ad I known that there was going to be a nine-year mandatory minimum, I would have negotiated a plea deal.  If I could do it all over again, I would have taken the State's offer more seriously and would have entered into negotiations."  As the circuit court found, the allegation that Young would have taken the State's offer "more seriously" is insufficient to establish prejudice. *See id.*  Thus, we conclude that the circuit court properly denied Young's motion without an evidentiary hearing.

¶35    Therefore, for all of the reasons stated above, we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

12